25765.   BROWN et al. v. LEGGITT et al.

SUBMITTED APRIL 14, 1970—DECIDED MAY 7, 1970—
REHEARING DENIED MAY 21, 1970.

*Bloch, Hall, Hawkins & Owens, Wilbur D. Owens, Jr., F. Kennedy Hall,* for appellants.

*Davis & Frieden, Roy B. Frieden,* for appellees.

ALMAND, Chief Justice.  This appeal is from an order denying a summary judgment that the trial court has certified for an immediate review.

Woodrow W. Brown and four other individuals filed their petition naming themselves and three others as owners as tenants in common of 185.42 acres of land in Dooly County.  They alleged that in 1947, as grantors, Willie H. Leggitt, Virginia Leggitt, Woodrow W. Brown, Dempsey S. Brown, Bruce Brown, Mrs. O. L. Allen and Mrs. Tom Harper, conveyed a fee simple title to said tract to their brother, Amory C. Brown; that Amory C. Brown died in October, 1948, intestate, and left neither wife, children, mother nor father, the only surviving heirs being his brothers and sisters who were the grantors in the 1947 deed; and, that there are no liens on said tract; that Bruce Brown died in 1962, leaving a wife (one of the petitioners), and no children, and the Ordinary of Bibb County has ordered that no administration of his estate was necessary.  That Beulah Harper, a sister of Amory C. Brown, conveyed by a deed in 1947, her interest in said tract to her half-sisters, Virginia and Willie Leggitt; that petitioners Woodrow W. Brown, Dempsey S. Brown and Mary Brown Allen, as brothers and sisters of Amory C. Brown, and Mary Brown as the sole heir of Bruce Brown, own a one-seventh undivided interest each in said land.  That Willie H.

and Virginia Leggitt as heirs of Amory Brown and as grantees in the deed from Beulah Harper, own a three-fourteenths undivided interest each in the tract.

The prayers were that the tract be partitioned in accordance with *Code* § 85-1504 so that petitioners' four-sevenths interest be partitioned as one unit to be owned by petitioners as tenants in common and be physically separated from that owned by Willie and Virginia Leggitt.

In their response, Willie and Virginia Leggitt, asserted that at the time they and the other brothers and sisters in 1947 conveyed by warranty deed the tract of land to Amory C. Brown, they supplied two-thirds of the purchase money and asserted that they owned a two-thirds interest in the land and a three-sevenths share and interest in the remaining one-third share. They also denied that the proceedings in the Bibb Court of Ordinary ordering no administration necessary on the estate of Bruce Brown, was binding on them.

The plaintiffs filed their motion for a summary judgment based upon the pleadings, depositions, answers, interrogatories, and affidavits.

The motion was denied and error is enumerated on this order

The appeal was taken to the Court of Appeals and transferred to this court on the ground that one of the defenses interposed by Willie and Virginia Leggitt was that by reason of their supplying two-thirds of the purchase money at the time the 1947 deed was made, Amory C. Brown held the same for their benefit and their claim of a one-third interest was based upon *Code* § 108-106 as a resulting trust.

■ The appellees have made a motion to remand the case to the Court of Appeals. Though the appellees did not pray that the court decree that they have a two-thirds interest in the tract by reason of an implied trust, yet the defensive plea raises such an issue, and under the provisions of *Code Ann.* § 81A-154 (c) of the 1966 Civil Practice Act the trial court would be authorized to grant such equitable relief though not prayed for in the answer. See *Ward v. National Dairy Products Corp.*, 224 Ga. 241 (161 SE2d 305).

Motion to remand is denied.

■ Under the admissions and the denials in the appellees' response to the petitioners' complaint only two issues were raised: (1) By reason of their paying two-thirds of the pur-- chase money when the title to the tract of land was taken in the name of Amory C. Brown they held title to a two-thirds interest, and (2) the order of the Bibb Court of Ordinary was void and not binding on the appellees.

The evidence was insufficient to raise any issue that the appellees, by reason of an implied trust, had a two-thirds interest in the subject tract, but on the contrary, demanded a finding that no implied trust ever existed.

The depositions of the appellees were before the trial judge. As to what occurred at the time the brothers and sisters executed their deed to Amory C. Brown in 1947, the testimony of both appellees as to what part of the consideration they paid, or what understanding they had with the grantee as to his holding the property for their benefit, was vague, general and indefinite. That at the time the deed was executed they had any understanding that they had a two-thirds interest in the tract, is completely negated by their own testimony. Virginia Leggitt testified that she signed the deed along with the others because she wanted Amory Brown to have the title to the farm and the property was put in his name because she wanted him to have it. Willie Leggitt testified that she signed the deed "with the intention of having A. C. (Amory Brown) having the property without the other children having any at all."

The testimony shows that they put title in Amory Brown not with any present intention of retaining any beneficial interest, but with the intention that he should have the fee simple title to the land.

Where a party seeks to establish a beneficial interest in certain real estate on the theory that he has paid a part of the purchase money, he must show with certainty what part of the total purchase price he paid. *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603); *Lane v. Lane,* 149 Ga. 581 (101 SE 582). To engraft an implied trust upon an absolute deed by parol evidence, such evidence ought to be clear and satisfactory. *McDonald v. Dabney,* 161 Ga. 711 (10) (132 SE 547).

The depositions of the two appellees fail to support their plea of an implied trust under *Code* § 108-106, or to rebut the presumption of a gift, under *Code* § 108-116. See *Bullard v. Bullard*, 214 Ga. 122 (103 SE2d 570).

■ The evidence shows without dispute that Bruce Brown, a brother of Amory Brown, died intestate, leaving as his sole heir at law, his wife, Mary Lou Brown. It is not necessary in a partition suit between heirs to allege or prove the administration or lack of administration on the estate of one tenant in common. *Hunnicutt v. Rogers*, 135 Ga. 595 (69 SE 913); *Chambers v. Schall*, 209 Ga. 18 (70 SE2d 463). So in this case even if the order of the Bibb Court of Ordinary was void, it would not prevent the widow and his sole heir, from seeking a partition with the other tenants in common.

It was error to deny the appellants' motion for a summary judgment on its prayer for a writ of partition.

*Judgment reversed. All the Justices concur.*