28934. BETHSAIDA DEVELOPMENT, INC. v. CHARTER LAND & HOUSING CORPORATION et al.

HALL, Justice.

This appeal, involving equitable relief sought by defendants in an interpleader action, was transferred to this court by the Court of Appeals.

The question presented is whether the City of Atlanta ("the city"), plaintiff in interpleader, should refund to Bethsaida Development, Inc. ("Bethsaida") $47,634.91 paid by Bethsaida to the city to induce the passage of an ordinance for the construction of water mains benefiting a subdivision development, or whether the city should retain the funds and build the water mains, the benefit of which will now flow to the Fulton National Bank of Atlanta ("Fulton Bank"), which has foreclosed on the property, and Charter Land and Housing Corporation ("Charter Land") to which Fulton Bank has sold the real property in question.

The facts show that Bethsaida was developing the property under a loan agreement for a $400,000 line of

credit from Fulton Bank; that the loan agreement provided that the proceeds should be used solely for paying the direct and incidental costs of development and for no other purpose; that the money paid to the city for the water mains was borrowed from the Fulton Bank by Bethsaida under the loan agreement and was de-. nominated a development cost; that the Fulton Bank held a deed to secure debt to the property that covered all present or future improvements thereon "and all interest, right and equity which. . . [Bethsaida] now has or may hereafter have therein. . ."; that the city passed an ordinance for the construction of the water mains; that while the ordinance was on the books the Fulton Bank foreclosed on the property taking a foreclosure deed, having bid the property in for the total amount of Bethsaida's debt to the Bank, leaving Bethsaida free of any debt or loss with respect thereto; that thereafter the Fulton Bank sold the subdivision to Charter Land; that six days after the foreclosure, without giving notice to the Fulton Bank or Charter Land, and without mention to the city of the foreclosure, Bethsaida wrote to the city that it was not continuing the development and requested the refund of the $47,634.91; that no water mains had yet been laid; that the city passed an ordinance repealing the water main ordinance and authorizing a refund to Bethsaida; that Fulton Bank and Charter Land, learning of the request by Bethsaida for a refund, promptly demanded of the city that it not make the refund; that the city then repealed its refund ordinance and authorized the city attorney to file an interpleader action with respect to the money. This action followed, and the city has paid the money into court pending the outcome of the litigation.

Bethsaida filed an answer asserting that the money should be paid to it; Charter Land and Fulton Bank answered asking that the city retain the money and build the water mains. The trial court granted Charter Land's summary judgment motion and ordered the city to retain the funds and build the mains. Bethsaida appeals. There is no appeal by the city.

Under our Rule 14 (e), and Code Ann. § 6-809 (d), the motion to dismiss the appeal because the notice of appeal

incorrectly stated the date of the judgment, is denied. *Harrison v. State,* 120 Ga. App. 812 (172 SE2d 328). See *Housing Authority of City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785).

Bethsaida's claim to the money paid for water mains is grounded in its assertion that the arrangement between Bethsaida and the city was a personal, wholly executory contract, which the parties thereto might agree to terminate, placing each other in their original positions, which would involve refund of the money to Bethsaida. It is Charter Land's position that the water mains ordinance was secured with money borrowed from the Fulton Bank under a deed to secure debt covering improvements, and that the foreclosure deed transferred all rights to the water mains or to the water mains ordinance to the Fulton Bank which would not otherwise have bid the property in for a figure which included the money borrowed for the water mains. We agree with the contentions of Charter Land, and we note that on this appeal Bethsaida has not suggested that it conveyed any benefits upon the property over and above the benefits which it bought and paid for with the Fulton Bank's money.

On the facts as we have outlined them above, it would plainly be inequitable to allow Bethsaida to receive from the city a refund of money which was originally advanced to Bethsaida by the Fulton Bank to be spent solely for development purposes. Having stood by while the Fulton Bank bid in the property at a figure which relieved it of all debt or loss, and making no claim here of having itself conferred any value on the land, Bethsaida now, in effect, seeks a windfall recovery of over $47,000. Equity will not countenance such a result, and in this situation will raise a constructive trust: "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence [sic]."

We have here no indicia of subsequent ratification

or long acquiescence. We do have the firmly established principle of equity that equity seeks to do complete justice and to avoid injustice. Therefore, without deciding whether Bethsaida's arrangement with the city constituted a contract, we rule that any rights which Bethsaida might claim from the agreement with the city are held by it in constructive trust for the Fulton Bank or for Charter Land or for both of them, depending upon the contractual relations between the Fulton Bank and Charter Land. See *Brown v. Brown*, 209 Ga. 620 (75 SE2d 13); *Murray County v. Pickering*, 196 Ga. 208, 216 (26 SE2d 287). Thus, Bethsaida has no right in the face of opposition by the other parties to claim a refund, and consequently must fail in this appeal from the order of the superior court.

We emphasize that in order to decide this appeal it has not been necessary to decide whether the arrangement which Bethsaida reached with the city was a "contract." Also, since the city has taken no appeal, it has not been necessary to decide upon the propriety of that portion of the superior court's order which directed the city to build the water mains.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1974 — DECIDED SEPTEMBER 3, 1974.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellant.

*Henry L. Bowden, Henry R. Bauer, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, II, Richard R. Cheatham, Smith, Cohen, Ringel, Kohler, Martin & Lowe, J. Arthur Mozley,* for appellees.