29094. SIKES et al. v. SIKES.

GUNTER, Justice.

This appeal is from a judgment that dismissed a complaint that sought to partition land. The judgment of dismissal stated: "After due consideration of this matter, it appearing that the plaintiffs have not exhausted their remedy at law for a statutory partitioning of the property involved; it is considered, ordered and adjudged by the court that the complaint in said proceedings be, and the same are, hereby dismissed."

The appellants argue here that the complaint stated a claim for relief, and that it should not have been dismissed. We agree with the appellants and reverse the

judgment.

The allegations of the complaint in this case set forth a claim for the partition of land in equity pursuant to Code § 85-1501. There is also the statutory method of partitioning land that has been generally known as the "remedy at law." Code § 85-1504 et seq.

The Civil Practice Act in Code Ann. § 81A-101 provides: "This title governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exception stated in § 81A-181. The provisions of this title shall be construed to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-102 provides: "There shall be one form of action to be known as 'civil action.' "

Code Ann. § 81A-104 (j) provides: "The methods of service provided in this section may be used as alternative methods of service in proceedings in the court of ordinary and in any other special statutory proceedings, and may be used with, after or independently of the method of service specifically provided for in any such proceeding, and, in any such proceeding, service shall be sufficient when made in accordance with the statutes relating particularly to the proceeding or in accordance with this section."

We hold that if a complaint to partition lands, under our "one form of action" rules now in effect, states a claim, whether that claim be of the equitable or statutory variety of partitioning, the complaint should not be dismissed. The trial court should proceed with a just and prompt determination of the action, whether it be in the nature of equitable or statutory partitioning, if the complaint states a claim for the partitioning of lands under either of these former procedural remedies.

We acknowledge that in *Cashin v. Markwalter,* 208 Ga. 445 (67 SE2d 226) (1951), this court said: "Under the Code § 85-1504, an application to partition lands between tenants-in-common may be instituted at law, or it may be brought in equity whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just. Code § 85-1501. But, unless for some special reason equitable

jurisdiction is applicable, a party seeking the writ of partition is required to resort to the remedy afforded by the statute." But since we now have one form of civil action for the determination of a controversy, we hold that a partitioning action, equitable or statutory, is controlled by this Civil Practice Act rule. Therefore, the rule set forth in *Cashin* and other cases enunciating it is expressly disapproved and will not be followed.

The complaint in this civil action stated a claim for the partitioning of lands, and it should not have been dismissed.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED OCTOBER 22, 1974.

*M. Francis Stubbs,* for appellants.
*Dubberly & Dubberly, Bruce D. Dubberly,* for appellee.