## 30188. BURNHAM et al. v. LYNN et al.

HALL, Justice.

This is an appeal from a judgment ordering the equitable sale of land owned by four sisters as tenants in common. The equitable suit for partition was brought by two of the sisters against the other two. One of the defendants sold her interest to the First Baptist Church of Eastman, Georgia, Inc., which intervened and answered. The main defense raised by the defendants was that statutory partitioning under Code Ann. § 85-1504 et seq., is an adequate remedy at law.

The appellees, opposing equitable partition, contend that *Sikes v. Sikes,* 233 Ga. 97 (209 SE2d 641) eliminates the distinction between equitable and statutory

partitions. We disagree. The CPA relates solely to practice and procedure; it "shall not be construed to extend or limit the jurisdiction of the courts on the venue of actions therein." Code Ann. § 81A-182. The decision in *Sikes* is procedural and holds that the action cannot be dismissed on motion if the complaint states a claim for the partitioning of lands under either equitable or statutory remedies. However, the jurisdictional distinctions between law and equity remain. See Code Ann. § 81A-102 and editorial note thereto. A noted authority on the Federal Rules of Civil Procedure points out that while Rule 2 furnishes "a single uniform procedure by which a litigant may present his claim in an orderly manner to a court empowered to give him whatever relief is appropriate and just; the substantive and remedial principles that applied prior to the advent of the federal rules are not changed." 4 Wright & Miller, Federal Practice and Procedure: Civil, p. 145, § 1043 (1969). Therefore, while the petition will not be dismissed if it states a claim for either legal or equitable partition, the plaintiff must prove the necessity for equitable relief in order to justify the equitable decree; specifically, he must show that the remedy at law is insufficient, or that peculiar circumstances render the equitable proceeding more suitable and just. Code Ann. §§ 85-1501 and 37-120.

There being no such showing here, the trial court erred in granting equitable partition. *Gifford v. Courson,* 224 Ga. 840 (165 SE2d 133); *Saffold v. Anderson,* 162 Ga. 408 (134 SE 81).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED SEPTEMBER 16, 1975.

*Smith & Harrington, Will Ed Smith,* for appellants.
*Findley & Callaway, William E. Callaway, Jr., James E. Findley,* for appellees.