34606. WEEKES et al. v. GAY et al.

JORDAN, Justice.

This appeal arises from a dispute over two pieces of property and certain insurance proceeds. Appellants' decedent was killed in a fire that partially destroyed a house he shared as co-tenant of appellee. Decedent's representative and heirs-at-law contend that they have an undivided interest in one-half of that property and full ownership of a second piece of property which appellee claims he and decedent purchased as co-tenants, though the deed appears in decedent's name only. In addition, appellee claims the proceeds of an insurance policy taken out on the house by decedent and issued in decedent's name only.

Appellee contends that his interests arise as the result of an implied trust imposed on the property because he furnished the entire amount paid toward the purchase of the improved property, less the remaining mortgage; paid one-half the purchase price of the second piece of property; paid the amount for the premium on the insurance policy and supported the decedent while he was unemployed.

The trial judge found as a fact that the appellee had supported the decedent and had supplied most of the funds for the purchase of the two pieces of property and the insurance. The trial judge found that the appellee and decedent had lived together for six years in a homosexual relationship.

The appellants enumerate some twenty-five errors, a large number of which rest on the Georgia Dead Man's Statute. Code Ann. § 38-1603 (1) (Ga. L. 1866, pp. 138, 139; 1889, pp. 85, 86; 1890-91, p. 107; 1893, p. 53; 1900, p.

57; 1924, p. 62; 1953, Nov. Sess., pp. 319, 320). We note in passing that this statute has been repealed by the General Assembly; however, the new statute will have prospective application only. Ga. L. —, p. — (H. B. No. 367, approved by the Governor on April 17, 1979).

1. Appellants object to the admission of certain documentary evidence and to the testimony of a real estate broker on the ground that this evidence dealt with transactions or communications with a deceased person in violation of the Dead Man's Statute, supra. A number of canceled checks and bank statements were introduced to show that though the decedent and the appellee had a joint bank account, the appellee deposited the large majority of the amount contained in it. The Dead Man's Statute deals with the competency of a witness and not with the admissibility of evidence. *Glo-Ann Plastic Industries v. Peak Textiles,* 134 Ga. App. 924, 926 (216 SE2d 715) (1975). Thus, it has been held that the introduction of certain documentary evidence does not violate Code § 38-1603 as such evidence is not categorized as a transaction or communication with a deceased person. *Frazier v. Willis,* 128 Ga. App. 762 (197 SE2d 831) (1973).

Furthermore, as to the testimony of the real estate broker, who testified that the appellee provided the entire amount paid toward the purchase of the improved property, it has long been the law in this state that the testimony of a disinterested, third party to the transaction between the opposite party and the representative of the deceased is admissible. *Aetna Casualty &c. Co. v. Horton,* 232 Ga. 355, 357 (206 SE2d 487) (1974); *Blount v. Beall,* 95 Ga. 182 (22 SE 52) (1894). There was ample evidence in this case to show that the real estate broker was such a disinterested party, and that the appellee had identified for the broker the source of the funding of the purchase as being strictly from his own pocket. Once again, we note that the Dead Man's Statute deals only with the *competency* of the witness. The broker in this case was competent, and the trial judge did not err in admitting his testimony.

2. Appellants argue that even if the real estate broker were a competent witness, the testimony he gave

concerning the source of the purchase price was purely hearsay. The transcript of the proceeding showed that the trial judge was concerned with whether or not the decedent had been present when the appellee made his statement to the witness. When informed that he had been, the judge admitted the testimony. "A witness may testify as to what he saw and heard in the defendant's presence." *Moore v. State,* 240 Ga. 210 (240 SE2d 68) (1977). "The administrator stands in the intestate's shoes for all purposes, unless expressly excepted by some rule of law." *Agricultural Finance Corp. v. Bates,* 171 Ga. 230, 232 (155 SE 32) (1930). The Dead Man's Statute would not be such exception in this case, either, because the statement complained of by the appellants was not a transaction or communication *with* the decedent, but, rather, one made in his presence. A litigant may deal with the Dead Man's Statute indirectly. *Glo-Ann Plastic Industries v. Peak Textiles,* supra, at 926. There was no error in admitting this testimony.

3. Appellants enumerate as error the imposition of an implied trust on the improved property, the one-half undivided interest in the second piece of property and the insurance proceeds. In order to impose an implied trust on property that a party claims he should own because he has paid part of the purchase price for it he must show with certainty the amount he has paid. *Brown v. Leggitt,* 226 Ga. 366, 368 (174 SE2d 889) (1970). The appellee here, through the introduction of canceled checks and bank statements and the testimony of the real estate broker who sold the house to the decedent and him, proved that he had provided the entire amount paid toward the purchase of the property. Furthermore, the appellee proved that he has made the mortgage payments and paid the taxes on the property since the two men moved in and since the decedent's death.

Appellee must also have proved, in relation to the one-half undivided interest in the second piece of property in which the deed was in the decedent's name only, through clear and satisfactory evidence that an implied trust should be placed on the property for his benefit. *Brown v. Leggitt,* supra. Appellee introduced into evidence a canceled check for exactly one-half the

purchase price of the property endorsed by the decedent and deposited to his account on the same day that the second piece of property was purchased. The appellee has also made all of the tax payments on this property since the time of its purchase.

As to the insurance proceeds, the deceased took out a policy on the house in his own name though title to the improved property was in both names. One year's premiums were paid at the outset by a check drawn on the joint account. The appellee testified, and there was evidence to support that testimony, that the money in the joint account at that time had been deposited by him. The appellee has paid all amounts due on the insurance since then.

Equity will not allow one with a legal interest in a piece of property a windfall recovery when the beneficial interest should flow to another. *Bethsaida Development, Inc. v. Charter Land &c. Corp.*, 232 Ga. 641, 643 (208 SE2d 462) (1974). In such a situation an implied trust will arise. The implied trust found by the trial judge in this case is proper.

4. There is no merit in appellants' contention that the nature of the relationship between the decedent and the appellee should bar any relief prayed for by the appellee since the evidence was inconclusive as to the exact nature of the relationship.

There is no merit in any of the other enumerations of error. For these reasons, the order of the trial judge must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1979 — DECIDED
MAY 31, 1979 — REHEARING
DENIED JUNE 22, 1979.

*Weekes, Candler, Sams & Weatherly, R. Philip Shinall, III, Charles L. Weatherly, Read, Huddleston & Medori, H. Martin Huddleston,* for appellants.

*Thomas F. Choyce, Gambrell, Russell & Forbes, James C. Huckaby, Jr., David A. Handley, Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Jr.,* for

appellees.