36460. MIDDLEBROOKS v. LONAS et al.

JORDAN, Presiding Justice.
Mary Middlebrooks filed a complaint against W. L. Lonas and Elvira Lonas, her parents, alleging that, in reliance on their promise to repay, she had loaned them $25,000 which they had since used to build a home on land which they owned, that they now refused to repay said loan and that, "The above and foregoing transactions, promises, and delays constitute fraud and as such the defendants herein hold the said $25,000 through and by constructive and implied trust in favor of the plaintiff." The plaintiff further alleged that, "The defendants herein have pledged, mortgaged and borrowed

---

money upon the land . . . as well as all improvements thereon."

The defendants moved for summary judgment on the ground that the plaintiff's complaint failed to state a claim upon which equitable relief could be granted and on the ground that they had factually pierced the plaintiff's allegation that they had promised to repay the $25,000 without a present intent to do so. The trial court granted said motion and the plaintiff appeals. We reverse.

1. Appellee's motion to dismiss the appeal as premature is denied. We decline to overrule the holding in *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975). See *Elwell v. Nesmith,* 246 Ga. 430 (1980).

2. Code Ann. § 108-106 states that "Trusts are implied . . . where, from any *fraud,* one person obtains the title to property which rightly belongs to another." (Emphasis supplied.)

A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud. *Hayes v. Hallmark Apts.,* 232 Ga. 307, 309 (207 SE2d 197) (1974).

Thus, assuming that the remedies at law are inadequate, if a plaintiff proves that a defendant promised to repay a loan and did so without a present intent to perform, the plaintiff can "enforce either a constructive trust or an equitable lien on the fund," Dobbs, Remedies, Ch. 5, § 5.16, p. 423 (1973), and, further, if a plaintiff proves that the fraudulently procured funds were used by the defendant to purchase other property, the plaintiff can reach the other property "by a proceeding in equity, and . . . can enforce a constructive trust or an equitable lien." *Pittman v. Pittman,* 196 Ga. 397, 409 (26 SE2d 764) (1943); accord, *U. S. Fidelity & Guaranty Co. v. Richmond County,* 174 Ga. 599, 600 (163 SE 482) (1931).

In the present case, it is undisputed that the defendants used the $25,000 to build a home on land which they already owned. Accordingly, assuming that the plaintiff's remedies at law are inadequate, if the plaintiff proves that the defendants promised to repay the $25,000 and did so without a present intent to perform, the plaintiff would be entitled to an equitable lien on the home and land. See, Dobbs, supra, at pp. 11-12, 249-50, 424; Restatement of Restitution, § 206, p. 837 (1937).

"A remedy at law, to exclude appropriate relief in equity, must be . . . the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Atlantic C. & R. Co. v. Gunn,* 185 Ga. 108, 110 (194 SE 365) (1937).

Regarding the inadequacy of her remedies at law, the plaintiff

alleged that the defendants had mortgaged the home and lot. "A creditor of a mortgagor who obtains his judgment [at law] subsequently to the execution of a mortgage which has been duly registered takes it subject to the rights of the mortgagee . . ." *Mutual Loan &c. Co. v. Haas,* 100 Ga. 111, 115 (27 SE 980) (1896). In contrast, a plaintiff who similarly establishes entitlement to an equitable lien takes subject to the rights of a mortgagee only if the mortgagee is a bona fide purchaser. *U. S. Fidelity & Guaranty Co. v. Richmond County,* 174 Ga., supra, at p. 600; Dobbs, supra, at pp. 644-49; Restatement of Restitution, § 161(d), 172.

Accordingly, we hold that the plaintiff's complaint did not fail to state a claim upon which equitable relief could be granted.

3. The defendants argue that the plaintiff's deposition testimony factually pierced the plaintiff's allegation that they had promised to repay the $25,000 without a present intent to do so.

We note, however, that the relevant deposition testimony by the plaintiff reads as follows: "Q. Do you think they ever really intended to pay you back?" The plaintiff: "At [the time I made the loan] I did."

This statement by the plaintiff does not constitute an admission that the defendants intended to repay the loan at the time allegedly promised to do so.

Further, we note that the plaintiff filed an affidavit wherein she stated that "they [her parents] never intended to pay that money back from the very start . . ."

Accordingly, we hold that the defendants failed to factually pierce the plaintiff's allegation that they had promised to repay the $25,000 without a present intent to do so.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., Bowles, and Marshall, JJ., who dissent.*

Submitted July 11, 1980 — Decided November 5, 1980 — Rehearing denied November 25, 1980.

*William A. Alexander, Marshall M. Bandy, Jr.,* for appellant. *Lindsey H. Bennett, Jr., Hubert E. Hamilton, III,* for appellees.