## 64834. FIRST NATIONAL BANK OF MADISON v. VASON et al.

BIRDSONG, Judge.

Joint Venture. In 1962 Cornelius Vason, Sr., Eldred Hudson and C. L. Mason purchased certain property in Madison, Georgia, apparently for investment purposes. This property had been the site of a car dealership and contained several buildings. At the same time the three joint venturers (there being no evidence of a partnership) leased the property to the First National Bank of Madison for use as a bank facility. The bank was given license to make necessary alterations to the property and its appurtenances so as to render the property useful as a banking facility. Vason, Sr. died leaving his undivided interest in the property to his heirs. From 1979 until 1981, Mason and Hudson (both officers of the bank as well as co-owners)

discussed with Vason, Jr., one of the heirs, that the bank desired to tear down a shop building of the original dealership facility so as to prepare a more adequate banking facility by providing a drive-in banking window and approach. Mason and Hudson maintained that Vason, Jr. was aware of these plans and made no objection. Vason maintains that he disputed the right of the bank to destroy a valuable building under the guise of improving the banking facility.

In February, 1981, Vason was made aware that the bank had torn down the old building. Vason and his brother (heirs) sued the bank and Mason and Hudson for waste to the leasehold (destruction of the building), fair rental for their undivided third interest in the property, and for compensatory and punitive damages. Vason alleged that Mason and Hudson conspired with the bank to reduce the value of the property with the possible view toward buying out Vason's interest. Prior to the filing of suit by Vason, the bank had sought to renew and extend the lease (it had made improvements in the property in excess of $150,000 over the period of the previous terms of the lease). Vason filed written notice with the bank that the bank had breached provisions of the lease and Vason attempted to terminate the lease.

The bank moved for summary judgment contending that the lease itself authorized the alteration of the bank premises, that the alteration had enhanced the value of the leasehold, and that there were no undisputed questions of fact. Vason answered contending many unanswered questions remained for resolution and requested denial of the motion for summary judgment. Vason also asked the trial court to declare the lease terminated in accordance with his written notice of termination so as to circumvent the bank's request to renew the lease for ten more years (which renewal was fully supported by the other two joint owners, Mason and Hudson). The trial court, finding remaining questions of fact, denied the bank's motion for summary judgment but under the terms of the lease declared the lease to have been terminated. The bank filed this interlocutory appeal (subsequently granted) enumerating as error both the denial of the summary judgment and the order terminating the lease. *Held:*

1. As to the denial of summary judgment, without delineating the several major issues presented by the facts, suffice it to say that we are satisfied there remain several material issues of fact. The principal thrust of the bank's appeal relates to the trial court's termination of the lease. While the bank does not concede there are questions of fact, its arguments pertaining thereto are tenuous at best. The trial court being presented by the same act of destruction with questions of waste or enhancement of value as well as the extent

of right of the lessee to make improvements in the buildings so as to make the leased property more useful as a banking facility, properly denied summary judgment to the bank. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Lewis v. Citizens &c. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765).

2. As to the second issue raised by the bank, we discern a more serious problem. We are troubled by the unilateral action of one of the three co-owners terminating the lease in this case. We do not dispute the power of the lessor to terminate the lease where provisions of the lease have been violated by the lessee. The lease so provides. However, this record does not establish that the co-owners, Vason, Hudson, and Mason are partners or are engaged in the enterprise of leasing their jointly owned property to the bank in any other manner than as joint venturers. Broadly defined, a joint enterprise or venture results when two or more combine their property or labor, or both, in a joint undertaking for profit, with rights of mutual control, provided the arrangement does not establish a partnership. *Atlanta Metallic Casket Co. v. Southeastern Wholesale Furniture Co.,* 82 Ga. App. 353, 358 (61 SE2d 196). There is not only a joint interest in the objects and purposes of the undertaking, but also a right, express or implied, of each member of the joint venture to direct and control the conduct of the other. *Gainesville Carpet Mart v. First Federal Savings &c. Gainesville,* 121 Ga. App. 450, 453 (174 SE2d 230). Each member of the joint enterprise in order to be bound by the actions of the others with respect to matters directly involving the corpus of the joint enterprise thus have to be consulted and have to agree as to the proposed action. *Clement A. Evans & Co. v. Waggoner,* 197 Ga. 857, 865 (30 SE2d 915). It is clear in this case that only one of the three joint venturers has moved to terminate the lease. If dissatisfied with the venture, that one-third owner should have proceeded via allegations of breach of the basic agreement between the venturers, sought dissolution and an accounting. La Varre v. Hall, 42 F2d 65. By terminating the lease, the trial court has left the other two non-consenting venturers and the bank without apparent remedy. The bank asserts it is in danger of losing its improvements engendered through extensive modifications amounting to well in excess of $150,000 in efforts to render the property usable as a banking facility. Under these circumstances, the trial court erred in terminating the lease in the absence of appropriate procedural steps by Vason to accomplish this result.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 5, 1982.

*E. R. Lambert, Allan R. Roffman,* for appellant.
*Judson Graves, Donald W. Huskins,* for appellees.