S91A1052, S91X1053. EASON v. FARMER et al.; and vice versa.
(409 SE2d 509)

BENHAM, Justice.

Mrs. Eason filed a complaint in equity in which she sought to impress an implied trust upon certain real property to which the Farmers, her daughter and son-in-law, have title. Mrs. Eason also filed a lis pendens on the real property. The trial court granted partial summary judgment to the Farmers and ordered the lis pendens

cancelled. Mrs. Eason appeals from the trial court's action, and the Farmers appeal from the partial denial of their motion for summary judgment.

In June 1983, Mrs. Eason and her late husband gave $10,000 to their two daughters (Mrs. Farmer and her sister) to serve as a down payment on a house for the two women and Mrs. Farmer's son. Following her husband's death, and because she was suffering serious health problems, Mrs. Eason sold her home and moved in with her daughters and grandson in 1986, spending $5,500 to convert the home's garage into a living space. The other daughter married and moved out, and Mrs. Farmer married Mr. Farmer, who moved into the home.[1] Mrs. Eason subsequently expended funds for a variety of services and repairs to the home.

1. Mrs. Eason contends that her monetary contributions to the purchase, renovation, and maintenance of the home created an implied trust, giving her an interest in the real property.

Under the Georgia Trust Act, OCGA § 53-12-1 et seq.,[2] an implied trust is either a resulting trust or a constructive trust. OCGA § 53-12-90. A resulting trust for the benefit of Mrs. Eason may be implied if, in certain circumstances, it is determined that she did not intend that the holders of the legal title to the trust property also should have the beneficial interest in the property. Under the facts of this case, a purchase money resulting trust was allegedly created when Mrs. Eason paid consideration ($10,000) for the transfer of legal title to the house to her two daughters. OCGA § 53-12-91. Inasmuch as Mrs. Eason, the payor of the $10,000 down payment, is a parent of the persons to whom title to the property was transferred, it is presumed that her $10,000 payment was a gift. OCGA § 53-12-92 (c). While that presumption may be rebutted by clear and convincing evidence, id., Mrs. Eason presented no such evidence. In fact, she testified that, at the time they gave their daughters the $10,000, neither she nor her husband stated that they expected their daughters to repay the $10,000, or that they expected to have an interest in the property purchased with the money. In light of the unrebutted presumption that the $10,000 was a gift and Mrs. Eason's testimony confirming that presumption, the trial court did not err in granting partial summary judgment to the Farmers on the issue of a resulting trust.

2. Mrs. Eason asserts that a constructive trust in her favor should be implied because she was induced to make valuable improvements

---

[1] The sister subsequently deeded her interest in the property to Mr. Farmer.

[2] The Georgia Trust Act, effective July 1, 1991, is applicable to any trust regardless of the date of creation, unless application of the Act would impair vested rights or unless otherwise provided by law. OCGA § 52-12-3.

to the property[3] by the promises that she would always have a place to live and that the Farmers would not try to sell the home until June 1991, which promises, she alleges, were made by the Farmers without a present intent to perform.

A constructive trust "is a remedial device created by a court of equity to prevent unjust enrichment." *Lee v. Lee*, 260 Ga. 356 (2) (392 SE2d 870) (1990). It will be implied if the circumstances are such that the persons "holding legal title to the property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-93 (a). "A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud. [Cit.]" *Middlebrooks v. Lonas*, 246 Ga. 720 (2) (272 SE2d 687) (1980).

The promise to provide Mrs. Eason always with a home, allegedly made when she moved in 1986, has not yet been broken since, as Mrs. Eason acknowledged in her deposition, the Farmers have offered her the opportunity to make a home with them in the new home they are constructing. The promise not to sell or attempt to sell the house until June 1991 was made, according to Mrs. Eason, in October or November 1989. Only the roofing expenditure, having been made subsequent thereto, could possibly have been made in reliance upon that alleged promise. The record contains no evidence whether Mrs. Eason did or did not act in reliance on the promise when she paid for the roofing. To that extent, the trial court correctly denied summary judgment to the Farmers;[4] however, in the absence of evidence to support the existence of a constructive trust as to the remaining expenditures, the trial court should have granted summary judgment to the Farmers concerning those expenditures made prior to the October-November 1989 promise.

*Judgment affirmed in Case No. S91A1052; judgment affirmed in part and reversed in Case No. S91X1053. All the Justices concur.*

DECIDED OCTOBER 18, 1991 —
RECONSIDERATION DENIED NOVEMBER 15, 1991.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Jill*

---

[3] Mrs. Eason testified that she spent $5,507 for the construction of a bedroom and bath; $1,912 for roofing; $1,225 for stripping and restaining the house; $225 for storm doors; and several hundred dollars for pest control treatment, cable television, and groceries.

[4] Our holding in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), is not applicable here since the Farmers, the moving parties, did not demonstrate by reference to evidence in the record that there was an absence of evidence to support Mrs. Eason's case.