S98A1901. LATHEM v. HESTLEY.
(514 SE2d 440)

HINES, Justice.

Lathem appeals from the trial court's order dismissing for failure to state a claim upon which relief can be granted his petition for the partition of three parcels of land.[1] For the reasons that follow, we reverse.

Taking Lathem's allegations as true, as is required when reviewing an order on a motion to dismiss for failure to state a claim under

---

[1] The court's order is dated March 18, 1998, and recites that the motion came before the court on March 2, 1998. Lathem filed an amended petition on that date, and although the court's order is silent as to whether the amended petition was considered, the text of the order makes it clear that the court considered the amendment in addressing the motion to dismiss.

OCGA § 9-11-12 (b) (6), see *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997), the facts are as follows: The first of the three parcels of land was acquired by Hestley in 1959. In 1974, Lathem began living there with Hestley and, in 1990, Lathem enlarged the home on this property, spending over $100,000 to do so. Hestley represented that Lathem would acquire a one-half interest in the property by making this expenditure, and Lathem relied on this representation in making the improvements. Lathem thereafter paid half the property taxes on the parcel and made repairs and additional improvements; these expenditures were as an owner, not as a renter. The second parcel of land was purchased by Lathem and Hestley in 1993 as joint tenants. In 1994, timber was cut from this land and the proceeds were placed in the parties' joint bank account. The third parcel was purchased by Hestley in 1996, with the proceeds from the 1994 timber sale; the remaining timber money went to retire the debt on the jointly held property.

The court granted Hestley's motion to dismiss for failure to state a claim upon which relief can be granted. See OCGA § 9-11-12 (b) (6). Such a motion should be granted only when the petition "shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *Property Pickup v. Morgan*, 249 Ga. 239, 240 (290 SE2d 52) (1982). The non-movant's pleadings must be construed most favorably to him and all doubt resolved in his favor. *Alford v. Public Svc. Comm.*, 262 Ga. 386, n. 2 (418 SE2d 13) (1992).

The court stated that the petition did not set forth a claim because OCGA § 19-3-3.1 forbids Lathem from gaining any interest in property titled in Hestley's name based on a claim that the parties were "domestic partners." Any such alleged status, however, is not the basis for Lathem's asserted interest. Rather, Lathem claims an interest based on an implied constructive trust.

Although Lathem did not specifically state in his petition that he sought the imposition of an implied trust, he did state that his right to partition was in reliance on *Weekes v. Gay*, 243 Ga. 784 (256 SE2d 901) (1979),[2] a case in which an implied trust was imposed. On a motion to dismiss for failure to state a claim upon which relief can be granted, the issue is not whether the petition pled a claim in an ideal manner but whether it sufficiently gave Hestley fair notice of the claim and a general indication of the type of litigation involved. See *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302, 303 (223 SE2d 625) (1976); *Christner v. Eason*, 146 Ga. App. 139, 140 (245 SE2d 489) (1978).

---

[2] Lathem requested statutory partition under OCGA § 44-6-160, or "[a]lternatively in reliance on *Weeks v. Gay et al.*, 243 Ga 784 (sic) . . . equitable partition."

A constructive trust is one form of implied trust, and is defined by OCGA § 53-12-93 as "a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." See also *Edwards v. Edwards*, 267 Ga. 780, 781 (2) (482 SE2d 701) (1997). When, as Lathem alleges occurred here, a party is induced to make valuable improvements on real property, a constructive trust may be imposed. See *Eason v. Farmer*, 261 Ga. 675, 676-677 (2) (409 SE2d 509) (1991); *Middlebrooks v. Lonas*, 246 Ga. 720, 721 (2) (272 SE2d 687) (1980). The facts alleged, the citation to *Weekes v. Gay*, and the relief requested satisfied the requirements that Lathem give Hestley fair notice of the claim and an indication of the type of litigation involved, and set forth a claim for the imposition of a constructive trust on the three parcels of property, and a partition of these parcels.

Nor was the trial court correct in ruling that Lathem's claims based on Hestley's representations were barred by the statute of frauds. See OCGA § 13-5-30 (4). An action attempting to establish an interest in land through an implied trust is not barred by the statute of frauds. *Watkins v. Watkins*, 256 Ga. 58, 59 (1) (344 SE2d 220) (1986).

The trial court also ruled that Lathem had certain rights in the parcel of land which the parties purchased jointly, but that these rights did not provide him a claim upon which relief could be granted because to exercise them he must first establish the necessity of equitable partition over statutory partition. However, it is not a proper ground for dismissal that the petition does not disclose that Lathem's remedy of statutory partition is inadequate. See *Burnham v. Lynn*, 235 Ga. 207, 208 (219 SE2d 111) (1975); *Sikes v. Sikes*, 233 Ga. 97, 98 (209 SE2d 641) (1974). Additionally, Lathem's amended petition alternatively sought statutory partition under OCGA § 44-6-160, or equitable partition, see OCGA § 44-6-140.[3]

Inasmuch as Lathem's petition did not fail to state a cause of action, the trial court erred in dismissing it under OCGA § 9-11-12 (b) (6).

*Judgment reversed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Carley, J., who dissent.*

CARLEY, Justice, dissenting.

In reversing the trial court's dismissal of Lathem's complaint,

---

[3] Lathem also suggested the formation of a joint venture between the parties but the imposition of an implied constructive trust is the basis of Lathem's claim for statutory or equitable partition.

the majority holds that Lathem has stated a claim based on an "implied constructive" trust. As the majority concedes, however, Lathem did not specifically aver in his complaint or the amendment thereto that he sought the imposition of an implied trust. " 'Liberal construction of a pleading does not encompass the imputation or engrafting to a claim of a meaning not reasonably deductible or inferable from the explicit language of the pleading.' [Cit.]" *McCombs v. Southern Regional Med. Center*, 233 Ga. App. 676, 681 (2) (504 SE2d 747) (1998). See also *Rossville Fed. Sav. & Loan Assn. v. Ins. Co. of N. Amer.*, 121 Ga. App. 435, 439 (2) (b) (174 SE2d 204) (1970). Compare *Whitworth v. Whitworth*, 233 Ga. 53, 55 (2) (a) (210 SE2d 9) (1974) (where complaint "alleged that it was decedent's intention that the appellant would hold the property in trust for the decedent's benefit"). Furthermore, Lathem does not take the position on appeal that he stated a claim for the imposition of an implied trust. Indeed, he does not even mention "implied" or "constructive" trusts in his appellate briefs. To the contrary, Lathem relies entirely on the amendment to his complaint, which alleged an interest in the properties at issue through a joint venture agreement.

It appears that the trial court erred in holding that the oral joint venture agreement is unenforceable as against the statute of frauds. See *Manget v. Carlton*, 34 Ga. App. 556, 559 (1) (130 SE 604) (1925). However, the allegation of an enforceable agreement, without more, does not state any claim. The complaint does not aver that the parties agreed to any transfer of title. Rather, the only alleged benefit from the joint venture agreement was the sharing of profits. Lathem may have some "interest" in the properties by means of a joint venture agreement, but the mere existence of that interest would not render Hestley liable to Lathem for the value thereof. *Hines v. Johnston*, 95 Ga. 629, 640-642 (1) (23 SE 470) (1895); *Manget v. Carlton*, supra at 560 (2). There has been no allegation that Hestley has violated the joint venture agreement. *Hines v. Johnston*, supra at 642 (1); *Manget v. Carlton*, supra. If Lathem were dissatisfied with the venture, he should have alleged a breach of the joint venture agreement and sought dissolution and an accounting. *First Nat. Bank v. Vason*, 164 Ga. App. 309, 311 (2) (297 SE2d 85) (1982). Instead, the specific averments of the complaint are limited by their very terms to an equitable division or a partition of the properties, yet there are no allegations of any marital relationship, of any implied trust, or of any common ownership other than that allegedly arising from the joint venture agreement. See *Rossville Fed. Sav. & Loan Assn. v. Ins. Co. of N. Amer.*, supra at 439 (2) (b). Although Lathem has joint legal title to one of the parcels, he is not seeking a separate partition based on that legal title, but rather he is seeking partition of all of the property based solely on the alleged joint venture agreement. "Although it

need not set forth a cause of action, a complaint must set forth a claim for relief. [Cit.]" *Hogan v. Peters*, 181 Ga. App. 670, 671 (353 SE2d 601) (1987). Accordingly, I cannot agree with the majority that Lathem's complaint sets forth a claim upon which relief can be granted and, therefore, I dissent. See *Hatcher v. Moree*, 133 Ga. App. 14, 16 (1) (209 SE2d 708) (1974).

I am authorized to state that Chief Justice Benham and Presiding Justice Fletcher join in this dissent.

DECIDED MARCH 15, 1999 —
RECONSIDERATION DENIED APRIL 2, 1999.

*L. Daniel Butler,* for appellant.

*Burnside, Wall, Daniel, Ellison & Revell, Thomas R. Burnside, Jr., Thomas R. Burnside III,* for appellee.