### 75100. DEVENDORF v. MIDKIFF.
(362 SE2d 398)

BANKE, Presiding Judge.

The appellant moved to set aside a default judgment entered against him in a suit by the appellee to recover damages for slander. The trial court denied the motion, and we granted the appellant's application for a discretionary appeal. The motion to set aside was predicated on lack of personal jurisdiction resulting from insufficiency of service of process.

The suit was filed in the Superior Court of Fulton County. Service was effected by delivering a copy of the complaint and summons into the hands of Scarlett Rooney, age 15, at 910 Nix Road in Alpharetta, which address was described in the return of service as being the appellant's "most notorious place of abode" in Fulton County. In support of his motion to set aside the default judgment, the appellant submitted his own affidavit acknowledging part ownership of the Nix Road property but averring that he had purchased his interest for investment purposes and did not reside there but in Boca Raton, Florida. In his brief on appeal, the appellant has further acknowledged that he occasionally stays at the Nix Road address when passing through Georgia in connection with his ownership of a trucking business.

In his order denying the motion to set aside, the trial judge reasoned as follows: "[T]here is no evidence that [the Nix Road residence] is not the dwelling house or usual place of abode of [the appellant] when he is present in Georgia and that he did not receive constructive service from a resident of that house. Service . . . may be made on a nonresident who is sojourning in the state and the affidavit of [the appellant] does not negate [that] he was constructively served and does not deny that he had notice of the pendency of this action." *Held*:

"We note at the outset that, if there was no valid service of process, it is immaterial whether [the defendant] had actual notice of the pendency of the action. [Cits.]" *Wilkerson v. Voyager Cas. Ins. Co.*, 171 Ga. App. 834 (321 SE2d 346) (1984). Accord *Heard v. Hopper*, 233 Ga. 617, 618 (212 SE2d 797) (1975).

The record before us contains no evidence tending to controvert the appellant's sworn averment that he is not a resident of Georgia. While the deputy sheriff's return of service contains a printed statement to the effect that the Nix Road property constitutes the appellant's "most notorious place of abode" in Fulton County, and while

the return is entitled to a presumption of correctness, the statement in question is conclusory and does not purport to have been based on the deputy's personal knowledge. In contrast, the appellant's sworn averment in his affidavit that he resides in Florida rather than Georgia is obviously a matter within his personal knowledge. Consequently, it constitutes the only direct evidence on the issue of whether he is a Georgia resident and overcomes the presumption created by the deputy's return. Accord *Bell v. Stevens*, 100 Ga. App. 281 (1) (111 SE2d 125) (1959). Compare *Moore v. Sanford, Adams, McCullough & Beard*, 171 Ga. App. 549 (1) (320 SE2d 394) (1984).

It is, in any event, evident that the trial judge accepted the appellant's representation that he was a resident of Florida at face value, for the denial of the motion to set aside was not predicated upon a factual determination that the appellant resided at the Nix Road address but on the apparent legal conclusion that a sojourner in this state is subject to substituted service here pursuant to OCGA § 9-11-4 (d) (7). However, it is well settled that, in the absence of some additional jurisdictional basis, personal jurisdiction may be exercised over a sojourner travelling in this state only if he or she is personally served with process here. See *Miller v. Miller*, 216 Ga. 535 (118 SE2d 85) (1961); *Minsk v. Cook*, 48 Ga. App. 567 (2) (173 SE 446) (1933). See generally OCGA §§ 9-10-33; 50-2-21. Indeed, the notion that a sojourner is subject to substituted service "at his dwelling house or usual place of abode" in this state is inherently contradictory, for one who maintains a dwelling house or usual place of abode in this state obviously cannot be considered a mere sojourner here.

The issue of whether service was properly effected upon the appellant is, of course, entirely separate and distinct from the issue of whether the trial court would be authorized to exercise personal jurisdiction over him in the event proper service were obtained. Thus, the appellee's contention that the appellant was subject to suit in this state pursuant to our Long Arm Statute, OCGA § 9-10-90 et seq., fails to address the issue before us, which is whether such jurisdiction ever attached. Moreover, just as it is inherently contradictory to assert that substituted service may be effected on a sojourner at his dwelling house or usual place of abode in this state, so it is also contradictory to suggest that substituted service may be effected upon a nonresident in such manner pursuant to the Long Arm Statute. For these reasons, we hold that the trial court erred in denying the appellant's motion to set aside the default judgment.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 6, 1987 —
REHEARING DENIED NOVEMBER 3, 1987.

S. *Lee Storesund*, for appellant.
*Constance A. Boughan*, for appellee.