77613. JACKSON et al. v. INTERNATIONAL HARVESTER
COMPANY et al.
(380 SE2d 306)

POPE, Judge.

Appellant Jackson brought this product liability action against appellees International Harvester Company (I.H.C.) and Tri-State Tractor Company (Tri-State) for injuries he received when he jumped out of a front-end loader that tipped over. The machine was manufactured by I.H.C. and sold by Tri-State. The trial court directed a verdict in favor of Tri-State at the close of appellant's case and the jury then returned a verdict in favor of appellee I.H.C.

1. Appellant argues that the trial court erred in bifurcating the trial to try the issue of liability first. Severance of issues for trial pursuant to OCGA § 9-11-42 (b) is generally within the discretion of the trial judge and will not be reversed on appeal absent clear and manifest abuse of that discretion. *Parks v. Consolidated Freightways,* 187 Ga. App. 576 (1) (370 SE2d 827) (1988). Appellant has shown no harm from the bifurcation, and we see none appearing in the record. There is no error.

2. Appellant argues that the trial court erred in directing a verdict in favor of appellee Tri-State. Tri-State sold the front-end loader involved in the accident. Appellant's theory against Tri-State was negligence. The evidence at trial established that Tri-State had sold the front-end loader to Williams Brothers, appellant's employer. Appellant had been hired as a truck driver, but occasionally would operate the front-end loader to load his truck or to clean up sand. At the time of the accident, appellant was dumping a load of sand into a sandpile. However, as he drove the front-end loader onto the sandpile, the loader tipped over. Appellant alleged that the machine was

defective in that it was inherently unstable.

The only evidence adduced at trial connecting Tri-State to the machine was that it sold it and the opinion of appellant's expert that a distributor should know the uses customers will have for a product. No evidence was presented that Tri-State knew or should have known of the alleged "inherent instability" of the loader.

"It is the general rule that a vendor or dealer who is not a manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury." *King Hardware Co. v. Ennis*, 39 Ga. App. 355, 360 (147 SE 119) (1929). See also *General Motors Corp. v. Davis*, 141 Ga. App. 495 (6) (233 SE2d 825) (1977). The trial court did not err in directing a verdict for Tri-State. *Lakeview Memory Gardens v. Nat. Bank &c. Co. of Columbus*, 155 Ga. App. 478 (3) (271 SE2d 219) (1980).

3. Appellant argues that the trial court erred in not allowing him to introduce evidence to the jury explaining why appellant's employer was not joined as a party to the suit. He contends this was necessary to counter the inference left with the jury by an exchange initiated by I.H.C.'s counsel in which he got the safety director of William Brothers to state that Williams Brothers had never been a party to the lawsuit. At the time the question was asked, there was no objection. When appellant's counsel tried to get the witness to explain that the workers' compensation bar was the reason Williams Brothers was not joined, the court sustained I.H.C.'s objection. The record shows that the trial court offered to instruct the jury to disregard the previous testimony and further solicited advice from appellant's counsel about what to do short of allowing counsel to go into the workers' compensation issue. However, counsel decided the cure was worse than the disease and dropped the matter. Thus, there is no ruling by the trial court and therefore nothing for this court to review. *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980).

4. There is no merit to appellant's argument that the trial court erred in allowing I.H.C. to adduce evidence that there were no similar problems with the same model front-end loader. Such evidence was relevant to rebut appellant's theory that I.H.C. knew or should have known of a design defect in the machine. *Skil Corp. v. Lugsdin*, 168 Ga. App. 754 (1) (309 SE2d 921) (1983); *Gunthorpe v. Daniels*, 150

Ga. App. 113 (1, 2) (257 SE2d 199) (1979).

5. There is no merit to appellant's argument that the court erred in allowing evidence that the design of the I.H.C. machine was substantially similar to that of others in the industry. While we agree with appellant that evidence of compliance with the custom and practice of a particular industry is not a conclusive defense to negligence, it is a factor that may be considered by the jury in determining whether the standard of care of the ordinarily prudent person has been met. *Moody v. Southland Investment Corp.*, 126 Ga. App. 225, 233 (190 SE2d 578) (1972).

6. For the reasons set out in Divisions 4 and 5, the trial court did not err in allowing into evidence an I.H.C. product bulletin. Nor did the trial court err in allowing into evidence a wooden model of the machine. Each side used the model for demonstrative purposes and the court gave proper cautionary instructions to the jury about what the model did and did not represent.

7. The trial court's direction of a verdict in favor of I.H.C. on the issue of punitive damages is a moot issue in light of the defense verdict. *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153 (1) (342 SE2d 352) (1986).

8. We have carefully reviewed the trial court's charge to the jury and appellant's arguments regarding it and find no reversible error. Taken as a whole, the charge covers the issues presented fairly and accurately. *Rosenthal v. Hudson*, 183 Ga. App. 712 (5) (360 SE2d 15) (1987).

9. We find no merit in the remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 2, 1989 —
REHEARING DENIED MARCH 14, 1989.

*Robert L. Herman, David A. Sleppy, John D. Jones, Steven J. Misner*, for appellants.

*Hugh F. Newberry, Neely & Player, Edgar A. Neely III, Randall Davis*, for appellees.