A89A1235. RYALS et al. v. BILLY POPPELL, INC.
(386 SE2d 513)

McMurray, Presiding Judge.

Mr. and Mrs. Ryals brought a wrongful death action against General Motors Corporation ("GM") and the appellee used car sales business to recover for the death of their son. The complaint alleged that the decedent was killed while driving a used car purchased from appellee which was defective when manufactured by GM; and that the car was covered by an express warranty of merchantability, issued by appellee at the time of purchase, and also subject to implied warranties of merchantability under OCGA § 11-2-314 and the Magnuson-Moss Warranty Act (15 USC § 2301 (3)). GM was released as a party defendant and appellee moved for summary judgment on the ground that as a matter of law a wrongful death claim could not be predicated upon the theories of either express or implied warranty. This appeal is from the grant of summary judgment in favor of appellee. *Held*:

The Georgia wrongful death statutes (OCGA §§ 51-4-1 through 51-4-5) limit recovery to "all cases in which the death of a human being results from a crime, from criminal or other negligence, or from property which has been defectively manufactured, whether or not as the result of negligence." OCGA § 51-4-1 (2). See *Lovett v. Emory Univ.*, 116 Ga. App. 277 (156 SE2d 923) (1967); *Higginbotham v. Ford Motor Co.*, 540 F2d 762 (5th Cir. 1976). While a wrongful death action may now be maintained against a *manufacturer* in a products liability case to the full extent of the strict liability provisions of OCGA § 51-1-11 pertaining to injury to person or property, the vehicle in question here was not manufactured by appellee used car sales business and thus appellee had no liability under those sections. See *Stiltjes v.*

*Ridco Exterminating Co.*, 256 Ga. 255 (347 SE2d 568) (1986).

Appellants' claims under theories of breach of express and implied warranties arising from the purchase and sale of the automobile were likewise not maintainable. A wrongful death action may not be predicated on a breach of warranty arising from the sale of goods, except specified articles intended for human consumption or use. *Lovett v. Emory Univ.*, 116 Ga. App. 277, 280 (2), supra; *Ford Motor Co. v. Carter*, 239 Ga. 657, 659 (238 SE2d 361).

" 'It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury.' [Cits.]" *Pierce v. Liberty Furn. Co.*, 141 Ga. App. 175 (2), 176 (233 SE2d 33) (1977). Accord *Harison-Gulley Chevrolet v. Carr*, 134 Ga. App. 449 (214 SE2d 712) (1975). Appellee submitted affidavits showing that the car was purchased in Florida and driven to Jesup, Georgia, approximately one month before it was sold to the decedent, and had been driven as a demonstrator without requiring any repairs or maintenance until the date of sale with no observed peculiarities or problems. Since there was no evidence that there was anything which would have reasonably tended to call appellee's attention to any alleged defects in the car, it was also clearly entitled to summary judgment on the negligence count.

Finally, we find no actionable claim under the Magnuson-Moss Warranty Act (15 USC § 2301 et seq.). "[C]auses of action for personal injuries arising out of the sale of allegedly defective products generally remain a matter of state law. 15 USC § 2311 (b). The act does not create a federal cause of action for personal injury claims which are otherwise state law claims for breach of warranty. *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028 (N.D. Ind. 1981)." *Bush v. American Motors Sales Corp.*, 575 FSupp. 1581, 1582 (D. Colo. 1984). Consequently, for these reasons, the trial court correctly granted summary judgment in appellee's favor.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 14, 1989 —
REHEARING DENIED SEPTEMBER 11, 1989 —

*Richard D. Phillips, O. Dale Jenkins*, for appellants.

*King & Spalding, Philip E. Holladay, Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr., John E. Bumgartner*, for appellee.