A93A0519, A93A0520. TROUTMAN v. B. C. B. COMPANY, INC. et al.; and vice versa.
(433 SE2d 73)

ANDREWS, Judge.

This appeal by Troutman and cross-appeal by B. C. B. Company

Inc. ("B. C. B.") and Beers Construction Company ("Beers") arise following our partial reversal and remand of this case in *B. C. B. Co. v. Troutman*, 200 Ga. App. 671 (409 SE2d 218) (1991). The facts are set out therein and will be supplemented here only as needed. We there determined that the companies could not be liable under the doctrine of respondeat superior for the intentional torts of employee Bennett which were outside the scope of his employment.

The trial court granted summary judgment to B. C. B. and Beers on Troutman's claim for punitive damages based upon B. C. B.'s negligent hiring and retention of Bennett who is alleged to have sexually harassed Troutman and other women employees on construction jobs.[1] The court also denied the companies' motion for a bifurcated trial in which Bennett, the employee, and the companies, the employer, would be separately tried.

### Case No. A93A0519

1. We consider first the issue of the denial of the motion for bifurcated trial, made pursuant to OCGA § 9-11-42 (b).

That section provides that the court "in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim, cross-claim, counterclaim, or of any separate issue, or of any number of claims, [etc.]." The motion presented below was premised on the companies' contention that trying the sexual harassment claim against Bennett with the negligent hiring/retention claim against them would unduly prejudice Bennett because the issue of his character was inadmissible as to the former but relevant and admissible as to the latter.

Pretermitting the issue of whether the companies have standing to raise the issue of prejudice to Bennett as a basis for their motion for bifurcation, "[s]everance of issues for trial pursuant to OCGA § 9-11-42 (b) is generally within the discretion of the trial judge and will not be reversed on appeal absent clear and manifest abuse of that discretion. [Cit.]" *Jackson v. Intl. Harvester Co.*, 190 Ga. App. 765 (1) (380 SE2d 306) (1989). Here, since the claimed prejudice is to another defendant, there has been no harm shown by the companies. There was no error.[2]

### Case No. A93A0520

2. Troutman appeals the trial court's grant of the companies' mo-

---

[1] Beers is the union organized construction arm of the Beers' construction organization and B. C. B. is the non-union arm.

[2] Compare *City of Monroe v. Jordan*, 201 Ga. App. 332, 334 (3) (411 SE2d 511) (1991), discussing bifurcation of the punitive damage issue from the liability issue under OCGA § 51-12-5.1.

tion for summary judgment regarding her claim for punitive damages. The only claim for liability remaining against the companies is that of negligent hiring by B. C. B. of Bennett from Beers and retaining him because Bennett "had a reputation for ten years of abusive behavior toward women." Troutman contends that the hiring and retention were "wilful, malicious, wanton and oppressive and lacked entire want of care and [the companies] were consciously indifferent to the consequences."

Troutman was hired in 1986 and continued her employment until November 1988. In 1987, OCGA § 51-12-5.1 went into effect and that was the statute cited and relied upon by the companies below, while Troutman argued that the earlier version applied because she was hired in 1986. Whether the issue is considered under OCGA § 51-12-5 or the new one, however, summary judgment was appropriate.

Under § 51-12-5, "[p]unitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even gross negligence, is inadequate to support a punitive damage award. [Cit.]" *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3b) (365 SE2d 827) (1988).

Under § 51-12-5.1 (b), it remains the rule that something more than the mere commission of a tort is always required for the imposition of punitive damages. *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 918 (5) (423 SE2d 257) (1992); *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (1) (408 SE2d 811) (1991). " ' "Mere negligence, although gross, will not alone authorize the recovery of punitive damages." (Cit.)' [Cit.]" *Stolle Corp. v. McMahon*, 195 Ga. App. 270, 273 (393 SE2d 52) (1990).

On summary judgment, a defendant who does not have the burden of proof at trial may prevail by showing an absence of evidence in the record as to one essential element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). As acknowledged in this case's first appearance here, there is "a question of fact . . . as to whether those persons [in charge of Bennett], based upon information previously provided to them from Robinson and Seaman, in the exercise of ordinary care, could have reasonably discovered that Bennett was acting in a sexually harassing manner toward Troutman." *B. C. B.*, supra at 673.

Even assuming, however, that the companies should have known about Bennett's reputation for sexual harassment, "there was no evidence of an entire want of care on [their part] which would raise the presumption of a conscious indifference to consequences. [Cits.]" *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860, 862 (1) (389 SE2d 355) (1989); *Powell v. Ferreira*, 198 Ga. App. 465, 466 (402 SE2d 85) (1991); compare *J. B. Hunt Transport v. Bentley*, 207 Ga. App. 250, 256 (3) (427 SE2d 499) (1993).

*Judgments affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 2, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 —

*John H. Ridley, Robert Stein,* for appellant.
*Alston & Bird, Robert H. Buckler, Robert P. Riordan,* for appellees.