## A93A1697. ROGERS v. CARMIKE CINEMAS, INC.
(439 SE2d 663)

BEASLEY, Presiding Judge.

Rogers appeals from a directed verdict granted at the conclusion of her case-in-chief. Rogers had filed the complaint against Carmike Cinemas seeking actual and punitive damages due to alleged sexual harassment by company officers and employees. She asserted in the complaint that while in the employ of Carmike, she had to endure on almost a daily basis harassing conversations involving sexual innuendo and sexual overtone, as well as direct confrontations regarding sexual favors from Carmike's officers and employees. She further asserted that they would constantly touch, hug, fondle, and otherwise sexually harass her against her will. The complaint does not characterize or label the tort or torts which these actions constituted, that is, what theory of legal liability was being advanced against the corporation.

In its answer, Carmike asserted various defenses, including denial, preemption of Rogers' claims by workers' compensation laws, and commission of the acts, if any, by officers and employees outside the scope of their employment.

In the opening statement, Rogers focused on sexually harassing actions by three people: Patrick, the president and CEO of the com-

pany; Fields, a company vice-president who was plaintiff's direct supervisor during most of the time she worked for Carmike; and Adams, another company vice-president.

Rogers testified that she was a lease administrator and had been hired by Fields, vice-president of real estate development, who was her primary supervisor, although for a period of time she had reported directly to Patrick; that Patrick sexually harassed her by offering her money to strip at a meeting attended by most of the company's vice-presidents, including Fields and Adams; that after she refused, Fields paid off on a bet he had made that Rogers would accept the offer to strip for money; that Patrick also sexually harassed her verbally and physically while they were alone; that Fields and Adams had sexually harassed her; that at an office Christmas party, Adams exposed himself on the dance floor; that these were not isolated instances but went on from shortly after she began working for Carmike until she was terminated; and that these kinds of degrading things pervaded the work atmosphere. She gave like testimony in her deposition.

Rogers testified that she did not report these incidents because there was no one to report them to except the individuals who were engaging in the harassment. She did not quit because she needed the job.

Carmike fired Rogers approximately two years after she had been hired. Rogers testified that it was because of her refusal to accept her supervisors' sexual advances. She was offered severance pay pursuant to a separation agreement requiring her to waive all claims against Carmike and its officers and employees and refrain from making defamatory or objectionable statements concerning Carmike. She rejected this offer, which she characterized as hush money. Patrick testified that it is standard company policy to provide discharged employees with severance pay pursuant to the agreement.

Defendant argued during the presentation of the plaintiff's case that the only claim plaintiff was pursuing was intentional infliction of emotional distress based upon allegations of sexual harassment. Rogers' attorney responded that this was not true, in that as shown in *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 483 (3) (367 SE2d 328) (1988) (physical precedent only), cited by Carmike, an employee may also have a cause of action for negligence against an employer if the employer in the exercise of reasonable care should have known of an employee's reputation for sexual harassment of a fellow employee and it was foreseeable that the employee would engage in sexual harassment but was continued in employment. Observing that Rogers had alleged wilful injury, the court then stated, "This is not a negligence case, right?" Rogers' attorney responded, "I contend it's both."

At the conclusion of Rogers' evidence, defendant moved for a di-

rected verdict. It argued that Rogers' claims for intentional infliction of emotional distress were barred, either by the exclusive remedy provisions of the Workers' Compensation Act, or because Carmike could not be held liable on a respondeat superior theory in that the individuals involved were acting outside the scope and course of employment. Carmike also argued that a negligent hiring and retention case requires knowledge on behalf of the employer or reason to know of a pre-existing propensity of the employee to engage in sexual harassment, and here there was no such evidence. It further argued that any claim for negligent hiring and retention was barred on grounds that it was never pled.

Noting that there had been no amendment to the pleadings, the court stated that Carmike's position was correct and granted its motion for directed verdict on all grounds.

1. Rogers first contends that the court erred in granting defendant's motion for directed verdict under the exclusive remedy provision of the Workers' Compensation Act in that, as held in *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982), the Act excludes from coverage an injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee. Under these circumstances, the court in *Murphy* held that the injuries do not arise out of employment, and the employee's claim is thus neither covered nor barred by the Act. These principles apply in this case. Consequently, the court erred in granting Carmike's motion for directed verdict on this ground.

2. Rogers acknowledges on appeal that Carmike cannot be held liable for sexual harassment of plaintiff under the doctrine of respondeat superior since the harassment was not committed in the furtherance of Carmike's business and was thus committed outside the scope of employment. Compare *Favors*, supra at 482 (2) (Beasley, J., dissenting at 486 (1)); *Murphy*, supra at 863 (where the issue was not before this court).

The court did not err in granting Carmike's motion for a directed verdict on Rogers' claim insofar as she sought to hold the corporate employer vicariously liable for its officers' and employees' alleged wilful acts of sexual harassment.

3. Rogers next contends that the jury could have found Carmike liable in tort for negligent hiring and retention of the three employees. This theory of recovery was not expressly articulated in the complaint, which was never amended in writing.

Under the allegations of the complaint, as illuminated by discovery and the evidence, the question all along was whether Carmike officers and employees, that is, Patrick, Fields, and Adams, engaged in the sexually harassing conduct claimed by Rogers. Called for cross-examination, Patrick and Fields denied Rogers' charges of sexual har-

assment. Fields testified that she was fired because she had misused a company credit card and falsely stated that he had authorized it. Adams was not called to testify. Carmike attributes Rogers' emotional distress to sexual abuse inflicted upon her by others, as testified to by one of her witnesses.

But, as argued by Rogers, the evidence authorized the jury to find that the chief operating officer, Patrick, sexually harassed Rogers and continued to employ personnel whom he knew or should have known were sexually harassing her. It would also support a finding that the vice-presidents knew of the president's and chief operating officer's harassment and failed to take any action against their superior such as advising the board of directors or a member thereof. This constituted evidence that the corporation knew or should have known of the complaint of activities of all three, thus meeting this requisite for liability. If the jury found the facts to be as plaintiff testified, it would have been authorized to hold Carmike directly liable for the negligent retention of officer employees who engaged in sexual harassment without any sanction. See *Harvey v. McLaughlin*, 198 Ga. App. 105 (400 SE2d 635) (1990); *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 170 (2, 3) (381 SE2d 303) (1989); *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670 (347 SE2d 619) (1986). Under these cases, it was not necessary for Rogers to also prove negligent hiring, of which there was no evidence.

Although Rogers did not make a formal motion to amend her complaint to specify this legal theory, she did assert this theory of recovery at trial. Defendant, who did not object to the evidence as it unfolded so as to encompass this theory, has shown no prejudice from the absence of express articulation in the complaint.

As in *Hirsch's v. Adams*, 117 Ga. App. 847, 848 (1) (162 SE2d 243) (1968), "[t]he complaint adequately stated a claim for relief. [OCGA § 9-11-8 (a) (2)[1]] . . . The record shows that there were no pre-trial orders limiting the issues.

"Moreover, under the Georgia Civil Practice Act a plaintiff may sue on one theory and recover on another. 'The fact that this involves a change in the nature of the cause of action, or the legal theory of the action, is immaterial so long as the opposite party has not been prejudiced in presenting his case . . . in any way.' [Cit.] [Citing OCGA § 9-11-15 (b), which allows amendment of pleadings at any time before entry of a pre-trial order.]"

In *Gordon v. Gillespie*, 135 Ga. App. 369, 375 (217 SE2d 628) (1975), we accepted for our Civil Practice Act the view espoused with

---

[1] Defendant never urged that it did not, either by motion under OCGA § 9-11-12 (b) (6) or otherwise.

respect to the Federal Rules of Civil Procedure, that they "have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." This was repeated in *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 734 (307 SE2d 530) (1983).

"The record does not show that the defendant made a motion that the court require the plaintiff to amend [her] complaint or a motion for a continuance to enable [it] to prepare additional evidence to meet the plaintiff's evidence . . . , or that the defendant made any motion before the trial to simplify the issues or aid in the disposition of the action (see Sec. 16 of the Civil Practice Act, [OCGA § 9-11-16]), and does not show that the defendant was actually prejudiced." *Hirsch's*, supra at 849.

Simply put, "a plaintiff may sue on one theory and recover on another [cit.]," if the evidence supports the theory advanced. *Greene v. McIntyre*, 119 Ga. App. 296, 297 (3) (167 SE2d 203) (1969). Plaintiff's case qualifies, and defendant was not entitled to a directed verdict. OCGA § 9-11-50 (b).

4. The trial court also erred in granting Carmike's motion for directed verdict on Rogers' claim for punitive damages.

As stated by Carmike, this court has recently recognized that a claim for punitive damages for negligent hiring and/or retention will lie in a case involving sexual harassment if there is evidence of an entire want of care sufficient to raise a presumption of conscious indifference to consequences. *Troutman v. B. C. B. Co.*, 209 Ga. App. 166, 168 (2) (433 SE2d 73) (1993). There was such evidence in this case.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 15, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 —

*Slappey & Sadd, James N. Sadd*, for appellant.
*Troutman Sanders, Daniel S. Reinhardt, William N. Withrow, Jr.*, for appellee.