## A93A1000. HESTER v. HUMAN et al.
(439 SE2d 50)

McMURRAY, Presiding Judge.

This is a personal injury action arising from injuries plaintiff Hester received while using a dirt boring machine manufactured by defendant Charles Machine Works, Inc. d/b/a Ditch Witch. The machine was employing a tool known as a "back reamer" (used to pull cable through a hole bored under a roadbed) manufactured by defendant McLaughlin Manufacturing Company. Defendant Larry D. Human d/b/a Ditch Witch of Albany is a retailer of such equipment and provided the equipment plaintiff was using, as well as related instructional manuals, to plaintiff's employer.

The amended complaint alleges that the machinery was defectively designed and manufactured causing the malfunction which injured plaintiff. Plaintiff also maintains that the instructional materials distributed with the machines were defective in that they instructed the user to place himself in a place of danger while using the machinery.

This action was originally filed in the State Court of Fulton County. On February 11, 1992, that court entered an order granting a motion to dismiss plaintiff's action against defendant Charles Machine Works, Inc. This defendant had ostensibly been served pursuant to OCGA § 14-2-1510 (b). The State Court of Fulton County determined that this Oklahoma corporation had not been properly

served since there had been no service upon any one of the list of corporate officers specified in the statute.

On May 27, 1992, the State Court of Fulton County entered an order dismissing plaintiff's action against defendant McLaughlin Manufacturing Company and transferring the case to the State Court of Dougherty County. This order contained a finding that there was no just reason for delay and stated that the order was the final judgment as to defendant McLaughlin Manufacturing Company.

On December 10, 1992, the State Court of Dougherty County entered a summary judgment in favor of defendant Human and against plaintiff. Plaintiff filed his notice of appeal on December 30, 1992 from the orders of the State Court of Fulton County granting the motions to dismiss of defendants Charles Machine Works, Inc. and McLaughlin Manufacturing Company, as well as from the order of the State Court of Dougherty County granting summary judgment in favor of defendant Human.

Defendant McLaughlin Manufacturing Company moved to dismiss plaintiff's appeal insofar as it sought review of the order of the State Court of Fulton County, dated May 27, 1992, which dismissed it from this action, contending that such dismissal was a final judgment in accordance with OCGA § 9-11-54 (b) and that no timely appeal had been taken from that order. The State Court of Dougherty County granted defendant McLaughlin Manufacturing Company's motion to dismiss the appeal as to it, via an order filed February 9, 1993. *Held*:

1. Two of plaintiff's enumerations of error relate to the dismissal of his action against defendant McLaughlin Manufacturing Company and the dismissal of his appeal in regard to that issue by the trial court. The ruling or order entitling plaintiff to bring this appeal is the grant of summary judgment in favor of defendant Human on December 10, 1992. "Pursuant to OCGA § 5-6-34 (d), [plaintiff] would be entitled to enumerate as error any other *prior or contemporaneous* rulings in the case. *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980). [Plaintiff] would not, however, be entitled to enumerate as error any and all other *subsequent* rulings in the case. An 'enumeration cannot be considered . . . (if) the ruling that it complains of . . . was entered . . . subsequent to filing of the notice of appeal. . . . (Cit.)' *Cates v. Cates*, 225 Ga. 612, 613 (2) (170 SE2d 416) (1969). '(J)udgments (can)not be considered (on appeal) . . . (if) rendered . . . subsequent to the judgment appealed from. (Cit.)' *Lowe v. Watson*, 228 Ga. 393 (1) (185 SE2d 774) (1971). '(I)ssues raised . . . (which are) not . . . encompassed within the final order from which the appeal has been taken, . . . may not . . . (be) raise(d) (on appeal), either in enumerations of error or through arguments in briefs of counsel. (Cits.)' " *Costanzo v. Jones*, 200 Ga. App. 806, 811 (3) (409

SE2d 686). The record does not contain any notice of appeal from the order of February 9, 1993, dismissing plaintiff's appeal as to defendant McLaughlin Manufacturing Company. Accordingly, the enumeration of error which complains of that order may not be considered.

Nor may we address the merits of plaintiff's enumeration of error concerning the order of May 27, 1992, dismissing plaintiff's action against defendant McLaughlin Manufacturing Company. We are without any jurisdiction over that part of plaintiff's appeal since it has been dismissed by an order of the trial court acting within its jurisdiction. *Minor v. Minor*, 173 Ga. App. 428 (327 SE2d 229). See *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (1) (357 SE2d 142) concerning a trial court's authority to dismiss notices of appeal where the decision or judgment was not then appealable.

2. The grant of the motion to dismiss plaintiff's action against defendant Charles Machine Works, Inc. was not error since it was conclusively established that plaintiff failed to properly serve the summons and complaint upon this defendant. Service by mail was attempted pursuant to OCGA § 14-2-1510. However, OCGA § 14-2-1510 (b) requires that the mail, registered or certified, return receipt requested, be addressed to "the chief executive officer, chief financial officer, or secretary of the foreign corporation, or a person holding a position comparable to any of the foregoing. . . ." The process mailed to this defendant was addressed to the corporation and was not directed to any of the specified corporate officers. Contrary to plaintiff's assertion, the actual receipt of the envelope by a "risk manager" employed by the defendant corporation did not cure this deficiency in service. *Anderson v. Hughes*, 196 Ga. App. 186, 189 (395 SE2d 623); *Devendorf v. Midkiff*, 184 Ga. App. 722 (362 SE2d 398).

3. Nor do we find any error in the grant of summary judgment in favor of defendant Human. The uncontroverted evidence establishes that defendant Human was merely a retailer who sold the equipment involved in the same condition in which he received it, was aware of no defects in the equipment, and had never heard of anyone being injured in the manner in which plaintiff's injury occurred. As a retailer rather than manufacturer, defendant Human is not liable under a theory of strict liability in tort. OCGA §§ 51-1-11 and 51-1-11.1. Nor is defendant Human liable under a negligence theory since under these circumstances he was entitled to assume that the manufacturer has done its duty in properly constructing the equipment and in not placing on the market a defective machine. *Ryals v. Billy Poppell, Inc.*, 192 Ga. App. 787, 788 (386 SE2d 513); *Jackson v. Intl. Harvester Co.*, 190 Ga. App. 765 (2), 766 (380 SE2d 306). Plaintiff argued that defendant Human is liable for disseminating misleading information concerning the safe use of the equipment and relies upon cases such as *Smith v. Clarke Hardware Co.*, 100 Ga. 163 (28 SE 73); *Hig-

*don v. Ga. Winn-Dixie*, 112 Ga. App. 500 (145 SE2d 808) for the proposition that a retailer may be liable when it undertakes to instruct a user in the operation and use of the product but does so negligently. However, the only instructional materials provided by defendant Human were the safety literature and operating manuals which he received from the manufacturers and defendant Human did not attempt to alter or supplement those materials, but did pass on all such materials to plaintiff's employer. Such does not amount to attempted instruction on the part of defendant Human, but is governed by the same principles which relate to distribution of the equipment itself.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 29, 1993 —
RECONSIDERATION DENIED DECEMBER 14, 1993 — ■

*Morris & Webster, Craig A. Webster*, for appellant.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Dennis, Corry, Porter & Gray, James S. Strawinski, Pamela J. Byrd, Duncan & Mangiafico, Edgar S. Mangiafico, Jr.*, for appellees.