**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 20, 2013**

# In the Court of Appeals of Georgia

A13A0803. WALKER et al. v. GOWEN STORES LLC.

MCFADDEN, Judge.

Gowen Stores LLC filed this action against Tammy Cisco Walker and Aletha Cisco Shave as executrices of the estate of Fairley Cisco. The defendants moved to dismiss the complaint under OCGA § 9-11-12 (b) (6) for failure to state a claim. The trial court denied the motion, and we granted the defendants' application for interlocutory appeal.

Gowen alleges that Fairley Cisco's unlawful scheme of rigging gas pumps and bribing state officials fatally damaged its businesses. The defendants have not shown with certainty that Gowen would not be entitled to relief under any state of provable facts asserted in support of the allegations of the complaint. We therefore affirm.

A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*State v. Singh*, 291 Ga. 525, 529 (3) (731 SE2d 649) (2012) (citation omitted). "[A] complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only to set forth a claim for relief." *Koehler v. Massell*, 229 Ga. 359, 361 (1) (191 SE2d 830) (1972). In fact, a plaintiff may sue on one theory and recover on another so long as the complaint adequately states a claim for relief. *Rogers v. Carmike Cinemas*, 211 Ga. App. 427, 430 (439 SE2d 663) (1993). See also *Charles H. Wesley Educ. Found. v. State Election Bd.*, 282 Ga. 707, 714 (654 SE2d 127) (2007) (Sears, C.J., dissenting) ("[A] complaint will not be dismissed under OCGA § 9-11-12 (b) (6) for requesting the wrong form of relief, or no relief at all, as long as the complainant is entitled to some legal remedy under the facts pled."). The issue is not whether the complaint is perfectly pled "but whether it sufficiently gave the defendant fair notice of the claim and a general indication of the type of litigation involved." *Lathem v. Hestley*, 270 Ga. 849, 850 (514 SE2d 440) (1999). We review

2

the denial of a motion to dismiss de novo. *Cobb County v. Jones Group P. L. C.*, 218 Ga. App. 149 (6) (460 SE2d 516) (1995). "In the case sub judice, the order of the trial court does not recite the grounds upon which the motion to dismiss was [denied]; however, if the judgment is authorized for any reason, it must be affirmed." *Gillis v. American Gen. Life & Accident Ins. Co.*, 222 Ga. App. 891, 892 (476 SE2d 648) (1996) (citations and punctuation omitted).

With these principles in mind, our review of Gowen's complaint as amended shows that Gowen alleged the following. Gowen owned two gas stations. Prior to his death, Fairley Cisco owned or controlled three gas stations. From 2000 until 2008, Cisco conspired with two employees and illegally rigged his gas pumps so that they would dispense less fuel than customers paid for. Cisco also bribed a state inspector to ignore the scheme and to tip him off before his fuel pumps were inspected. The pump-rigging scheme allowed Cisco to advertise gas prices well below the market rate. Gowen was unable to compete and lost business at both of its convenience store locations. The stores closed and Gowen suffered multi-million dollar losses. The complaint further alleged that defendants breached a duty not to engage in the pump-rigging scheme, that Gowen was a foreseeable victim of Cisco's scheme and was damaged as a direct and proximate result of his tortious acts, and that Cisco's acts

3

constituted the criminal offenses of bribery and theft and therefore his estate is liable under a theory of negligence per se.

Georgia recognizes the cause of action of tortious interference with business relations, and we conclude that Gowen's allegations fall squarely within its requirements. To establish such a claim, a plaintiff must demonstrate that the defendant "(1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury." *Integrated Micro Systems v. NEC Home Electronics (USA)*, 174 Ga. App. 197, 200 (3) (329 SE2d 554) (1985). Cf. *U. S. Anchor Mfg. v. Rule Indus.*, 264 Ga. 295, 298 (3) (443 SE2d 833) (1994) ("Below-cost pricing by a single defendant is not improper in the absence of some other *unlawful* element and, thus, is not encompassed by the tort of intentional interference with business relations.") (emphasis in original). The malice element of the cause of action "is broadly construed to encompass any unauthorized interference or any interference without legal justification or excuse." *Camp v. Eichelkraut*, 246 Ga. App. 275, 278 (1) (539 SE2d 588) (2000).

Gowen alleged that the defendants acted improperly and without privilege or justification by illegally rigging their pumps and bribing government officials, enabling them to falsely advertise low prices. Gowen alleged that through their advertisement of falsely low prices, the defendants induced customers to come to their stations instead of Gowen's, leading to Gowen's inability to compete and business failure. These allegations sufficiently gave the defendants "fair notice of the claim and a general indication of the type of litigation involved," *Lathem*, supra, 270 Ga. at 850, so as to survive an OCGA § 9-11-12 (b) (6) motion to dismiss for failure to state a claim. "[W]e are unable to say with certainty that [Gowen] would not be entitled to relief under any state of facts which could be proved in support of [its] general allegations." *Day v. Brown*, 207 Ga. App. 134, 135 (2) (427 SE2d 104) (1993).

We reject the defendants' argument that the complaint must be dismissed because damages are too remote to be proven. "[T]he speculative nature of damages alleged in a complaint may not afford a basis for the granting of a motion to dismiss wherein the allegations of a complaint are taken as true. . . ." *Little v. Fleet Finance*, 224 Ga. App. 498, 500 (1) (481 SE2d 552) (1997).

The motion to dismiss was addressed to the entire complaint, but the complaint set forth at least one claim. The trial court therefore correctly denied the motion to dismiss. *DeLoach v. Maurer*, 130 Ga. App. 824, 827 (4) (204 SE2d 776) (1974) ("The motion to dismiss was addressed to the entire complaint and must be overruled where one of the counts sets forth a claim. We therefore do not specifically rule upon the second count. The trial judge correctly overruled the defendant's motion to dismiss.") (citation omitted).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*