**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A1450. AG RESOURCE MANAGEMENT, LLC v. MUNDY, INC.

MCFADDEN, Presiding Judge.

This appeal is from a trial court order granting a motion to dismiss a complaint for failure to state a claim. The complaint, properly construed under the applicable standard, alleged that the plaintiff had a security interest in certain farm products and that the defendant had bought and paid for those products without protecting the plaintiff's rights as a secured party. Because it does not appear with certainty that the plaintiff would be entitled to no relief under any set of facts that could be proven in support of its claim, we reverse.

The applicable standard directs that "[w]e review the grant of a motion to dismiss de novo. And the well-established test that must be satisfied before a motion

to dismiss can be granted is a demanding one[.]" *Norman v. Xytex Corp.*, 310 Ga. 127, 130 (2) (848 SE2d 835) (2020) (citation and punctuation omitted). A trial court should not grant a motion to dismiss for failure to state a claim unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

Id. at 130-131 (2) (citation and punctuation omitted). See also OCGA § 9-11-12 (b) (6) (defense of failure to state a claim upon which relief can be granted may be made by motion). A complaint must only "give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details." *Dillingham v. Doctors Clinic*, 236 Ga. 302, 303 (223 SE2d 625) (1976). The court must construe "any doubts regarding the complaint . . . in favor of the plaintiff[,]" *Norman*, 310 Ga. at 131 (2), and "may consider exhibits attached to and incorporated into the complaint and answer." *Marques v. JP Morgan Chase Bank*, 370 Ga. App. 305, 305 (1) (896 SE2d 1) (2023) (citation and punctuation omitted).

Viewed with these principles in mind, the record shows the following. Plaintiff AG Resource Management, LLC filed a complaint against defendant Mundy, Inc., describing its claim as for breach of contract. The complaint alleged that plaintiff had delivered to Mundy a "notice of security interest to buyer of farm products." A document attached to the complaint stated that Anthony Clarke Jenkins and Clarke Jenkins Farms were indebted to a creditor to which they had granted a security interest in farm products. The document identified Mundy as the buyer of the products and an entity called Agrifund LLC as the secured creditor — although the complaint alleges that AG Resource is the secured creditor. . AG Resource alleged that Mundy delivered checks to Jenkins, who negotiated the checks without turning any proceeds over to the secured creditor. (AG Resource alleged in the complaint that it is the secured creditor, although, as noted, the document attached to its complaint lists Agrifund LLC as the secured creditor.)

Mundy answered the complaint and filed a motion to dismiss under OCGA § 9-11-12 (b) (6) for failure to state a claim on the ground that AG Resource failed to allege the elements of a breach-of-contract claim.

Then AG Resource filed an amended complaint that added details to its claim. See OCGA § 9-11-15 (a) ("A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."). AG Resource alleged that it does business as Agrifund, the entity listed as the secured party in the document attached to the original complaint; that it had recorded a security interest in Jenkins and Jenkins Farms's crops, farm products, and other property;[1] that Mundy purchased farm products subject to AG Resource's security interest; and that AG Resource had the right to collect and enforce its security interest. It asked the trial court to "quash" the motion to dismiss and to award it damages.

The day after AG Resource filed its amended complaint, the trial court entered the order granting Mundy's motion to dismiss with prejudice. The court held that AG Resource failed to allege the essential elements of a breach-of-contract claim because it failed to allege the existence of a contract, consideration moving to a contract, assent

---

[1] AG Resource attached to its amended complaint a financing statement that appears to have been recorded after Mundy had issued the checks to Jenkins and that lists property but not crops or farm products as collateral. It is unclear how this document relates to AG Resource's alleged security interest in Jenkins and his farm's crops and farm products.

of the parties to the terms of a contract, or the subject matter of a contract. AG Resource filed this appeal.

The allegations of the complaint and amended complaint do not disclose with certainty that AG Resource would not be entitled to relief under any set of provable facts. See *Walker v. Gowen Stores*, 322 Ga. App. 376, 376 (745 SE2d 287) (2013) ("a plaintiff may sue on one theory and recover on another so long as the complaint adequately states a claim for relief"). On the contrary, within the framework of the complaint, AG Resource may be able to introduce evidence supporting its allegations, including that it had a valid security interest in Jenkins's farm products; that Jenkins sold the farm products to Mundy; that AG Resource did not authorize the sale; and that it was damaged, which could entitle AG Resource to relief.

> [U]nder Georgia law, a secured creditor has a right of action for conversion if property subject to its security interest is disposed of without the creditor's authorization. The elements of such a claim include the showing of a valid security interest in the debtor's property, disposition of that property, absence of the creditor's authorization for the disposition, and resulting damage to the creditor.

*Bearoff v. Craton*, 350 Ga. App. 826, 841 (5) (a) (830 SE2d 362) (2019) (citation and punctuation omitted). "Where a sale of collateral is, with respect to the secured party,

a conversion of the collateral, there is a conversion on the part of the one who sells, as well as on the part of the one who purchases, and the purchaser may be liable regardless of his intent, and of his lack of actual knowledge of the rights of the secured party." *All Business Corp. v. Choi*, 280 Ga. App. 618, 622-623 (2) (634 SE2d 400) (2006) (citation and punctuation omitted).

In any event, the basis of the trial court's grant of the motion to dismiss is erroneous. The "purported failure to allege certain elements of [a] cause[ ] of action set forth in the complaint does not mandate dismissal because it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." *Ikomoni v. Bank of America*, 330 Ga. App. 776, 777-778 (769 SE2d 527) (2015) (citation and punctuation omitted). "The issue is not whether the complaint is perfectly pled 'but whether it sufficiently gave the defendant fair notice of the claim and a general indication of the type of litigation involved.'" *Walker*, 322 Ga. App. at 377 (quoting *Lathem v. Hestley*, 270 Ga. 849, 850 (514 SE2d 440) (1999) (punctuation omitted)).

In its appellee's brief, Mundy argues that the trial court had to resolve the motion to dismiss on the record as it existed at that time, which included only the

complaint and the motion to dismiss, not the amended complaint. But the appellate record shows that AG Resource filed its amended complaint the day before the trial court entered the order granting the motion to dismiss. See *Benedek v. Bd. of Regents of the Univ. System of Ga.*, 332 Ga. App. 573, 574 (1) (a) (774 SE2d 150) (2015) ("[A] pending dispositive motion will not preclude a party from amending his or her pleading."). So the record at the time the trial court granted the motion included the amended complaint. See id. at 576 (2) (remanding for court to consider whether claims asserted in amended complaint were subject to dismissal for failure to state a claim).

Mundy also argues that because AG Resource did not file a response to the motion to dismiss, it may not challenge the order granting that motion on appeal. We disagree. While such a failure to respond to a motion to dismiss is ill-advised, "[i]t does not automatically follow that the motion should be granted." *Gullatt v. Omega Psi Phi Fraternity*, 248 Ga. App. 779, 780 (1) (546 SE2d 927) (2001).

Mundy argues that AG Resource has waived the arguments it raises on appeal because it failed to raise them in the trial court.

> This argument, however, confuses appeals from the grant of a motion to dismiss under OCGA § 9-11-12 (b) (6) with appeals from a final

judgment entered after a case has been fully litigated on the merits. In the latter situation, a party may not raise a new issue or claim for the first time on appeal. This rule results from the fact that appellate courts are courts for the correction of errors of law made by the trial courts and an error of law has as its basis a specific ruling made by the trial court. On appeal from the grant of a motion to dismiss however, the question is whether the trial court erred, as a matter of law, in finding that the pleadings show a complete failure by the plaintiff to state a cause of action.

*Campbell v. Ailion*, 338 Ga. App. 382, 385 n.3 (790 SE2d 68) (2016) (citations and punctuation omitted).

For these reasons, we reverse the order granting Mundy's motion to dismiss for failure to state a claim. Given this resolution, we do not reach AG Resource's argument that the trial court erred in dismissing the complaint with prejudice.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*